UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTEZ D. MOSES,

    Plaintiff,

v.

UNKNOWN TIC, et al.,

    Defendants.

Case No. 25-cv-10852

Honorable Robert J. White

**OPINION AND ORDER PARTIALLY DISMISSING THE COMPLAINT**

I.   Introduction

Montez D. Moses commenced this *pro se* 42 U.S.C. § 1983 action against three Macomb Correctional Facility staff members in their official and personal capacities: Unknown Tic, Unknown Turini, and Unknown Seymour. Moses asserts that defendants acted with deliberate indifference to his mental illness and filed a retaliatory misconduct charge against him. For the following reasons, the complaint will be dismissed with respect to Moses's official capacity claims, his claims against defendant Seymour, and his First Amendment retaliation claim. The case will proceed against defendants Tic and Turini on the Eighth Amendment deliberate indifference claim.

II.   Background

Moses asserts that on October 27, 2023, while he was an inmate at the Macomb Correctional Facility's Residential Treatment Program, he informed corrections officer Seymour that he needed to see his mental health provider, Ms. Turini. Moses said that he was hallucinating and having suicidal thoughts. (ECF No. 1, PageID.3, ¶ 1-2).

According to Moses, Seymour spoke with Ms. Tic, a mental health provider at the unit, who informed him that Turini would return to work on Monday, October 30, 2023. (*Id.*, ¶ 3). Upon hearing this, Moses sent Seymour back to the medical unit because he was "going down the rabbit hole fast and needed to talk/see somebody urgently." (*Id.*, ¶ 4). Seymour contacted Tic again, but Tic told him that she would not see Moses and would not put him on suicide watch until after the appointment. (*Id.*, PageID.3-4, ¶ 5).

Moses asserts that he then had a mental breakdown resulting in a serious assault misconduct. (*Id.*, PageID.4, ¶ 6). Records attached to the complaint indicate that Moses had repeatedly stabbed another inmate in the head and arm with a five-inch metal shank that evening. (*Id.*, PageID.16-19).

Turini saw Moses in segregation on October 30, 2023. She placed him on suicide watch because he had ingested a handful of white pills. (*Id.*, PageID.4, ¶ 7). Moses tried to inform Turini about his mental state, but he claims that she was not interested in treating him and more interested in writing the misconduct report. (*Id.*

¶9). Moses claims that the lack of treatment caused him to refuse meals and attempt to hang himself on November 15, 2023. (*Id.*, PageID.4-5, ¶ 10-11). Moses was transferred to another prison with a higher level of mental health care the following day. (*Id.*, PageID.5, ¶ 11).

Moses seeks compensatory and punitive damages against defendants for acting with deliberate indifference to his serious medical condition. He also seeks damages against defendants for issuing him the assault misconduct in retaliation for his "engagement in prior protected conduct." (*Id.* PageID.5-6).

III. <u>Legal Standards</u>

Moses is permitted to proceed without the prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

The Prison Litigation Reform Act ("PLRA"), authorizes the Court to dismiss a prisoner complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above

3

the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

IV. <u>Analysis</u>

    A. *Official Capacity Claims*

Moses sues all three defendants in both their individual and official capacities. Insofar as he seeks monetary damages from defendants in their official capacities these claims must be dismissed.

Absent consent, the Eleventh Amendment bars suits against states for monetary damages. Actions against state employees in their official capacities are actions against the state itself. *See Brandon v. Holt*, 469 U.S. 464, 471 (1985); *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (holding that official-capacity suits are a way to plead "an action against an entity of which an officer is an agent"). Claims brought under 42 U.S.C. § 1983 for money damages against state officers in their official capacity are therefore barred. *See Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995). So the official-capacity claims against all three defendants must be dismissed.

    B.    *Eighth Amendment Claim*

Moses next contends that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they withheld essential medical treatment for his serious mental health condition. To prevail on this claim, Moses must show: (1) that he had a serious medical need, and (2) that each defendant, being aware of that need, acted with deliberate indifference to it. *See Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010).

The complaint omits any factual allegations against Seymour with respect to the second element. Moses asserts that Seymour was the corrections officer through which he attempted to contact the mental health providers at his facility. According to the complaint, Moses twice requested Seymour to contact the unit, Seymour

5

responded by relaying Moses's complaints to Tic, and Seymour informed Moses of her responses. The complaint therefore fails to allege facts indicating that Seymour acted with deliberate indifference to Moses's mental health condition. The Eighth Amendment claim against Seymour will therefore be dismissed for failing to state a plausible claim for relief.

With respect to the other two defendants, interpreting the pro se complaint liberally, Moses states a plausible Eighth Amendment claim. The complaint asserts that Tic was the mental health provider who responded to his complaints on October 27, 2023. Though Moses made Tic aware of his suicidal thoughts and hallucinations, he asserts that Tic failed to take any remedial action and forced him to wait until Turini returned the following Monday. The complaint further asserts that Turini failed to treat Moses for his condition when she saw him on Monday and that this total lack of care resulted in his hunger strike and suicide attempt. At this early stage in the litigation, the Court will allow the Eighth Amendment claim to proceed against defendants Tic and Turini.

   C. *First Amendment Retaliation Claim*

Lastly, Moses asserts that defendants violated his First Amendment rights when they issued him the assault misconduct in retaliation for some previous unspecified protected conduct.

6

To state a retaliation claim, Moses must allege facts that support the following: (1) he engaged in protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements one and two. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Protected conduct may consist of anything protected under the First Amendment. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

The complaint does not allege any facts indicating that Moses was engaged in conduct protected under the First Amendment or that the assault misconduct charge was motivated by his exercise of protected conduct. Because retaliation claims are easy to allege and prone to abuse, alleging the ultimate fact of retaliation is factually insufficient and "conclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state . . . a claim under § 1983." *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (cleaned up). So Moses's wholly conclusory retaliation allegations fail to state a claim for relief. Accordingly,

IT IS ORDERED that the complaint (ECF No. 1) is dismissed in part.

7

IT IS FURTHER ORDERED that the complaint is dismissed with respect to the official capacity claims, the claims asserted against Seymour, and the First Amendment retaliation claim.

IT IS FURTHER ORDERED that the case will proceed against Tic and Turini on the Eighth Amendment deliberate indifference claim.

IT IS FURTHER ORDERED that the United States Marshals Service is directed to serve process on Tic and Turini without the prepayment of fees.

                                             s/Robert J. White_____
                                             Robert J. White
                                             United States District Court

Dated: May 14, 2025